UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**BRANDI MOFFETT,**                                      **CASE NO.**

    **Plaintiff,**

**v.**

**AFFORDABLE DENTURES –
PENSACOLA, P. A.,**

    **Defendant.**

_____/

## COMPLAINT

Plaintiff, BRANDI MOFFETT, hereby sues Defendant, AFFORDABLE DENTURES – PENSACOLA, P. A., and alleges:

### NATURE OF THE ACTION

1. This is an action brought under Chapter 760, Florida Statutes, 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981a. This action is also based on Florida common law.

2. Jurisdiction of this Court is invoked pursuant 28 U.S.C. §1331 (federal question jurisdiction), 28 U.S.C. §1343 (civil rights claim jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, BRANDI MOFFETT, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a

protected class because of her gender, female, and due to the fact that Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter.

4.      At all times pertinent hereto, Defendant, AFFORDABLE DENTURES – PENSACOLA, P. A., has been an "employer" as that term is used under the applicable laws identified above resided within, and/or committed tortious acts within, the jurisdiction of this Court and the venue herein pled.  An employment relationship existed between Plaintiff and Defendant, in light of the economic realities of Plaintiff's employment, the nature and manner in which control over her work was exercised.

5.      Plaintiff has satisfied all conditions precedent to bringing this action in that she filed an administrative charge of discrimination with the EEOC and has appended her Notice of Right to Sue hereto which authorizes the filing of this action.

## STATEMENT OF THE ULTIMATE FACTS

6.      Plaintiff was originally employed with Defendant on March 7, 2005.  During her employment with Defendant, Plaintiff was subject to and witnessed many acts of verbal, and at times, physical abuse by Jeffrey Turner, P.D..  Mr. Turner yelled and threw objects (charts, wax, and instruments) at Plaintiff, oftentimes in the presence of other staff and patients.  Plaintiff also witnessed Mr. Turner treating other female staff members in the same manner. During one of their conversations, Mr. Turner refused to allow Plaintiff to leave his office.  At the conclusion of another conversation, as Mr. Turner was leaving the room, he shoved Plaintiff into a wall and chair.

7. On or around August 31, 2010, Plaintiff made to Defendant's home office a sexual harassment, assault and battery complaint against Mr. Turner, but no corrective action was taken and there was no follow-up with Plaintiff by the home office. Thereafter, Plaintiff was subjected to further harassment, discrimination, and retaliation by Defendant.

8. Because of the events related in part above, in early January 2011, Plaintiff filed a charge of discrimination relating to Defendant's actions with the EEOC, alleging gender/sex discrimination. After filing these charges, the harassment of Plaintiff worsened and ultimately Plaintiff was constructively terminated effective March 9, 2011.

9. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay her a fee for her services. Defendant should be made to pay said fee under §760.11, Florida Statutes, and 42 U.S.C. §2000e et seq..

## COUNT I

## GENDER DISCRIMINATION

10. Paragraphs 1-9 are realleged and incorporated herein by reference.

11. This is an action against Defendant for gender discrimination.

12. Defendant has taken action and allowed action to be taken against Plaintiff because she is female. During Plaintiff's employment with Defendant, she has was the victim of harassment and disparate treatment based on gender with no action taken by Defendant to prevent or otherwise correct a known problem. Then after notice of gender harassment and other forms of discrimination described more fully herein, Defendant delayed

3

in taking action and caused additional harassment and harm to Plaintiff including without limitation her actual or constructive termination.

13. Defendant knew or should have known of the sex/gender based discrimination perpetuated against Plaintiff and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. The events set forth herein lead, at least in part, to adverse action against Plaintiff including without limitation her actual or constructive termination.

14. Defendant knowingly condoned and ratified the discrimination set forth above.

15. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

16. Defendant's conduct and omissions constitute intentional discrimination and unlawful employment practices based upon gender/sex in violation of the state and federal laws applicable to this action.

17. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

18. Plaintiff is entitled to punitive damages.

## COUNT II

## RETALIATION

19.     Paragraphs 1-9 are hereby realleged and reincorporated as if set forth in full herein.

20.     Defendant is an employer as that term is used under the applicable statutes referenced above.

21.     The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under 42 U.S.C § 2000e *et seq.*, Title I of the Civil Rights Act of 1991 and Chapter 760, Florida Statutes.

22.     The foregoing unlawful actions by Defendant were purposeful.

23.     Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and she was the victim of retaliation thereafter, as related in part above. The events set forth herein lead, at least in part, to adverse actions against Plaintiff including without limitation her actual and/or constructive termination.

24.     Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter.  There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

25.     As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits,

embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent.

26. Plaintiff is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of federal law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f) grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

DATED this 30th day of July, 2012.

        MARIE A. MATTOX, P.A.
        310 East Bradford Road
        Tallahassee, FL 32303
        (850) 383-4800 (telephone)
        (850) 383-4801 (facsimile)

        /s/ Marie A. Mattox
        Marie A. Mattox; FBN 0739685
        ATTORNEYS FOR PLAINTIFF